John T. Masterson, Bar #007447
JONES, SKELTON & HOCHULI, P.L.C.
40 North Central Avenue, Suite 2700
Phoenix, Arizona 85004
Telephone: (602) 263-1700
Fax: (602) 200-7850
jmasterson@jshfirm.com

Attorneys for Defendant First Savings Bank, Inc.

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Charles A. Gulden,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>First Savings Bank, Inc.,<br><br>　　　　　　　　　Defendant. | NO. 2:18-cv-04097-PHX-SPL<br><br>**DEFENDANT'S PARTIAL[1] MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)** |

NOW COMES Defendant First Savings Bank, Inc. ("Defendant" or "FSB"), by and through its undersigned counsel, and hereby respectfully moves this Court for an order dismissing Counts V – VIII of the First Amended Complaint filed by Plaintiff Charles A. Gulden ("Plaintiff" or "Gulden") with prejudice, pursuant to Federal Rule of Civil Procedure 12(b)(6). In support, Defendant states:

Defendant certifies that, pursuant to L.R. Civ 12.1(c), before filing this motion, counsel for the Defendant and the Plaintiff conferred via telephone and were not able to agree to a resolution on the issues raised in this motion. The conference took place on January 8, 2019, prior to the filing of this Motion to Dismiss.

///

---

[1] The filing of this partial motion to dismiss operates to stay the deadline by which Defendant would otherwise have to file an answer to the remaining counts in Plaintiff's Complaint. *ThermoLife Int'l, LLC v. Gaspari Nutrition, Inc.*, Case No. CV 11-01056-PHX-NVW, 2011 WL 6296833, *5 (D. Ariz. Dec. 16, 2011) (noting that the majority of federal district courts hold that a partial motion to dismiss "tolls the time to respond to all claims.").

## INTRODUCTION

In response to Defendant's Motion to Dismiss Plaintiff's Complaint (Dkt. 14), Plaintiff filed an Amended Complaint instead. (*See* Dkt. 16.) Therein, Plaintiff adds factual detail regarding the four calls that form the basis of Counts I through IV, withdraws his original Counts V through VII and adds four new claims, Counts V – VIII, purportedly based on Defendant's alleged failure to maintain an "internal" Do-Not-Call list. (*See id.*)

Although the amendments to Counts I through IV may advance his lawsuit past the pleading stage on *those* counts,[2] Plaintiff still fails to state a claim in Counts V, VI, VII and VIII. These counts should be dismissed for two, main reasons. First, the Telephone Consumer Protection Act, 47 U.S.C. Section 227 (the "TCPA") simply does not provide for a private right of action for the "violations" at the cornerstone of these four counts. Alleged calls placed purportedly in violation of an internal Do-Not-Call list or practice cannot serve as grounds for a lawsuit.

Second, even if a private right of action was permitted (which it is not), Plaintiff does not, and cannot, plead facts showing that he received phone calls in violation of the internal Do-Not-Call regulations prescribed by the Federal Communication Commission (the "FCC"). As such, Gulden is not within the "zone of interests" that the regulation was meant to address; he fails to state a cause of action in this way, as well.

For these reasons, Defendant respectfully requests that this Court dismiss Counts V through VIII of Plaintiff's First Amended Complaint, with prejudice.

---

[2] FSB has evidence that will serve as a complete defense to Plaintiff's claims in Counts I through IV. Specifically, the regulations that form the basis of these four counts, regarding calls in violation of the National Do-Not-Call Registry, only prohibit making calls determined to be "telephone solicitations" to phone numbers on the National Do-Not-Call registry. But, a call is not considered a "telephone solicitation" if the recipient has provided his prior express permission or invitation to receive the call, or if the caller has an "Established Business Relationship" with the recipient. *See* 47 C.F.R. § 64.1200(c) & (f)(14). And, both these exceptions will be shown in this case via documentary evidence from before or at the time of the alleged calls at issue. Although this evidence is not before the Court on a Rule 12 motion, Defendant's counsel is presenting it to the Plaintiff contemporaneously with the instant motion.

## FACTS ALLEGED IN THE COMPLAINT

Counts V - VIII of Plaintiff's Amended Complaint are based on Plaintiff's claim of receiving four phone calls purportedly in violation of FCC regulation, 47 C.F.R. § 64.1200(d), which regards a company's maintenance of an internal Do-Not-Call list. (Am. Compl. ¶¶ 15-17.)

Plaintiff alleges that *after* he received these four phone calls, he requested that his phone number be added to the Defendant's internal Do-Not-Call list. (*Id.* ¶ 15.) At that same time, he claims he also requested a copy of Defendant's policies for complying with internal Do-Not-Call requests, which he claims were not provided to him (*Id.*)

Plaintiff does not allege that he received *any* phone calls from FSB *after* he requested that his phone number be added to FSB's internal Do-Not-Call list. (*See generally* Am. Compl.)

## LEGAL STANDARD

Courts may grant a motion to dismiss if a complaint lacks a "cognizable legal theory" or if it contains insufficient facts to state a claim. *Henry v. Saxon Mortg., Inc.*, Case No. CV-10-2551-PHX-JAT, 2011 WL 5331679, *2 (D. Ariz. Nov. 7, 2011). In order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

In analyzing a complaint, the Court need not accept as true legal conclusions couched as factual allegations. *Henry*, 2011 WL 5331679 at *2 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). When a plaintiff pleads facts that are "merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Ashcroft*, 556 U.S. at 678. "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

/ / /

/ / /

3

# ARGUMENT

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Counts V - VIII Plaintiff's Complaint should be dismissed. First, the TCPA does not provide a private right of action for the type of alleged infractions of which the Plaintiff complains—regarding internal Do-Not-Call lists. And second, even if a private right of action did exist, Plaintiff has not supplied factual averments that form *any* cause of action since his phone number was admittedly never on Defendant's internal, Do-Not-Call list *prior* to receiving the calls in question. He is not within the "zone of interests" the regulation was designed to protect, and therefore, he has failed to state a claim upon which relief can be granted.

## I. Counts V Through VIII Should Be Dismissed Because The TCPA Does Not Provide A Private Right Of Action For The Conduct About Which Plaintiff Complains.

Plaintiff advances legally-deficient bases for his Counts V-VIII because he relies upon Section (d) of regulations promulgated by the FCC as to the TCPA, which regulations simply do not provide for the redress or relief he seeks.

The TCPA provides for a private right of action in two separate subsections— section 227(b)(3)[3] and 227(c)(5). Section (c)(5) of the TCPA concerns violations of the FCC regulations that are "prescribed under this subsection" (i.e., Section (c) of the TCPA)[4]. The prescribed FCC regulations, in turn, prohibit "telephone solicitation" calls placed to phone numbers registered on the National Do-Not-Call Registry and calls placed outside of specified hours. *See* 47 C.F.R. 64.1200(c)(1)-(2).

Counts V through VIII of Plaintiff's Complaint, however, rely on a violation of section (d)—*not* (b) or (c)—of the FCC's regulations concerning TCPA compliance. There is, however, no basis for finding the existence of a private cause of action for alleged violations of 47 C.F.R. § 64.1200(d).

---

[3] Section (b)(3), which is not at issue here, concerns pre-recorded and automated calls, as well as unsolicited faxes.

[4] The FCC has been charged with promulgating regulations for interpretation or enforcement of the TCPA.

Instead, the portion of the TCPA that creates a private right of action, found at 47 U.S.C. § 227(c)(5), specifically states that a claim may be brought for phone calls received "in violation of the regulations prescribed *under this subsection* [subsection (c)]. . ."— thereby expressly carving out a potential private right of action for regulations promulgated under 47 U.S.C. § 227(c), only.

Plaintiff's reliance on a different section—Section (d) (*see* Am. Compl. ¶ 17)—for which there is no similar provision regarding a private cause of action, dooms his claims in Counts V through VIII. Dismissal is warranted on this ground alone.

## II.     Plaintiff Fails To State A Cause Of Action Under Section (d) Of The FCC's TCPA Regulations Because He Does Not Fall Within The "Zone Of Interests" The Law Was Designed To Address.

Dismissal is appropriate for another reason: Plaintiff's own averments as to the four calls at issue, the timing of his requests as to the company's *internal* Do-Not-Call list, and the specific language of the regulation demonstrate he falls outside of the very regulation upon which he relies. On this ground, as well, Counts V through VIII should be dismissed.

A plaintiff bringing a cause of action based on a federal statute (or regulation) must show that he is within the "class of persons sought to be benefitted by the provision at issue." *Holmes v. Sec. Inv'r Prot. Corp.*, 503 U.S. 258, 287–88, (1992) (Scalia, J. concurring). For this, courts apply the "zone of interests" test, which asks "whether the interest sought to be protected by the complainant is within the zone of interests to be protected or regulated ..." *Yount v. Salazar*, Case No. CV11-8171-PCT DGC, 2013 WL 93372, at *15 (D. Ariz. Jan. 8, 2013); *see also E. Bay Sanctuary Covenant v. Trump*, 909 F.3d 1219, 1243–44 (9th Cir. 2018) ("we presume that a [law] ordinarily provides a cause of action only to plaintiffs whose interests fall within the zone of interests protected by the law invoked.").

According to the FCC, the purpose of the internal Do-Not-Call regulation is to allow consumers to "selectively halt calls from telemarketers from which they do not wish to hear." *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act*

*of 1991*, 7 F.C.C. Rcd. 8752 (1992). It follows that if a private cause of action existed, which Defendant maintains it does not, the permissible action for violation of internal, Do-Not-Call regulations would inure only to the benefit of consumers who were called by an entity despite a request that the entity not call them anymore. Therefore, to fall within the "zone of interests," a consumer must have actually received a call from an entity subsequent to the request that the entity not call him anymore.

Here, Plaintiff plainly does not fall within this "zone of interest." When he allegedly received the calls from FSB, he had not made a specific, Do-Not-Call request to the Defendant. And, once he did make such a request (Am. Compl. ¶ 15) he received no further calls from Defendant. Thus, Plaintiff's interests do not fall within the zone or purpose of the regulation—which is to prevent consumers from receiving phone calls *after* making Do-Not-Call requests to a specific company[5]. Individuals who never made a company-specific, Do-Not-Call request simply cannot sue a company for technical violations of its internal, Do-Not-Call rules.

On this additional ground, Counts V-VIII should be dismissed in their entirety.

WHEREFORE, Defendant, First Savings Bank, Inc. respectfully requests that this Court enter an order dismissing Counts V-VIII with prejudice, and awarding any further relief it deems just and appropriate.

/ / /

/ / /

/ / /

/ / /

---

[5] Indeed, the heart of Plaintiff's Amended Complaint is grounded in purported calls made to Gulden despite his phone number being on the ***National*** Do-Not-Call Registry. Yet, relying on those factual averments to seemingly satisfy separate claims as to an ***internal*** Do-Not-Call list is misplaced and insufficient. Stated another way, Counts V through VIII of Plaintiff's Amended Complaint contain citation to regulations that in no way concern what Plaintiff's case is about—alleged receipt of calls despite his phone number being registered on the National Do-Not-Call registry. (Am. Compl. ¶¶ 3, 8.) He does not claim to have received *any* telephone calls from Defendant after asking that his phone number be placed on Defendant's internal "Do-Not-Call" list.

DATED this 9th day of January 2019.

Respectfully submitted,

By   /s/ Molly A. Arranz
John T. Masterson
Jones, Skelton & Hochuli, P.L.C.
40 North Central Avenue, Suite 2700
Phoenix, Arizona 85004

Molly A. Arranz
John C. Ochoa
SmithAmundsen LLC
150 N. Michigan Ave., #3300
Chicago, IL 60601
*Admitted Pro Hac Vice*

Attorneys for Defendant
FIRST SAVINGS BANK, INC.

## CERTIFICATE OF SERVICE

I hereby certify that on this 9th day of January 2019, I caused the foregoing document to be filed electronically with the Clerk of Court through the CM/ECF System for filing; and served on counsel of record via the Court's CM/ECF system.

I further certify that some of the participants in the case are not registered CM/ECF users. I have mailed and electronically mailed the foregoing document to the following non-CM/ECF participants:

Charles A. Gulden
11802 E. 28th Place
Yuma, AZ 85367
chasinyuma@hotmail.com
*Pro se Plaintiff*


/s/ Molly A. Arranz